[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
On September 4, 2002, this Court released In re Andre Rumph, Summit App. No. 20886, unreported. The printed version of that opinion contains a clerical error. Specifically, the name of the author judge located on page one of the opinion is incorrect.
The text is hereby amended to replace "Carr, J." with "Per Curiam."
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Andre Rumph, has appealed the decision of the Summit County Court of Common Pleas, Juvenile Division, which found him delinquent by reason of retaliation and by reason of aggravated menacing, and guilty of probation violation. This Court affirms.
 I.
{¶ 2} On September 6, 2000, appellant was charged in a seventeen charge complaint, including four counts of criminal gang activity, in violation of R.C. 2923.42; four counts of assault, in violation of R.C.2903.13(A); five counts of aggravated riot, in violation of R.C.2917.02(A)(2); and four counts of aggravated menacing, in violation of R.C. 2903.21. The victims involved were Jeffrey Johnson and Rhonda Johnson. On December 13, 2000, the juvenile court held an adjudicatory hearing on the charges, in which appellant entered an admission to one count of aggravated riot and the remaining counts were dismissed. Appellant was sentenced to six months of probation and ordered to have no contact with the victims or co-delinquents involved in the case.
{¶ 3} On January 23, 2001, appellant was charged with one count of retaliation, in violation of R.C. 2921.05; and four counts of aggravated menacing, in violation of R.C. 2903.21. A probation violation was also filed on the same day. The victim, once again, was Jeffrey Johnson. On February 28, 2001, the juvenile court held an adjudicatory hearing with regard to the new charges. After hearing the testimony and evidence in the case, the magistrate found appellant delinquent by reason of retaliation and by reason of aggravated menacing. The magistrate also found appellant guilty of a probation violation. The juvenile court sentenced appellant to two six month commitments in the Department of Youth Services ("DYS"), to be served concurrently.
{¶ 4} Appellant timely appealed and has set forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT VIOLATED ANDRE RUMPH'S RIGHTS TO NOTICE AND DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT COMMITTED ANDRE TO THE DEPARTMENT OF YOUTH SERVICES FOR A VIOLATION OF PROBATION WITHOUT HAVING PREVIOUSLY IMPOSED, THEN SUSPENDED, A COMMITMENT TO THE DEPARTMENT OF YOUTH SERVICES AND WITHOUT PREVIOUSLY NOTIFYING ANDRE THAT A VIOLATION OF PROBATION COULD RESULT IN INCARCERATION IN A SECURE FACILITY UNTIL HE TURNED TWENTY-ONE (21)."
 SECOND ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT VIOLATED ANDRE RUMPH'S RIGHT TO THE EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION WHEN IT FAILED TO INFORM HIM THAT HE COULD BE COMMITTED TO THE DEPARTMENT OF YOUTH SERVICES IF HE VIOLATED A CONDITION OF HIS PROBATION."
{¶ 7} Appellant's assignments of error raise constitutional issues, specifically that his rights of due process and equal protection under the law were violated by the trial court. Appellant's first two assignments of error will be combined for ease of discussion. Furthermore, this Court will address appellant's due process and notice argument with regard to his constitutional challenges.
{¶ 8} In his first assignment of error, appellant asserts that the trial court violated his rights to notice and due process when it committed appellant to DYS for a violation of probation. Appellant specifically argues that, because the trial court did not previously impose and suspend a DYS commitment upon appellant, the trial court did not give appellant notice that he could be committed to DYS for a violation of probation. This Court disagrees.
{¶ 9} In addressing the authority of a court to commit a juvenile to DYS for a probation violation, this Court has held that a court may properly commit a delinquent minor to DYS for a probation violation, even though the minor was originally given only probation and a suspended commitment was not imposed at the time of the initial disposition. In reHerring (July 10, 1996), 9th Dist. No. 17553. In Herring, this Court cited to R.C. 2951.09, which states:
 {¶ 10} "When a defendant on probation is brought before the judge or magistrate under section 2951.08
of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed
[on the defendant] * * * at any time during the probationary period." (Emphasis added.)
{¶ 11} In Herring, the defendant was originally adjudicated delinquent based on a fourth degree felony, from which he could have been sentenced to a minimum term of six months commitment to the custody of the DYS. Herring was placed on a six month probation, he violated his probation, and the court then committed him to six months at DYS.
{¶ 12} Similarly, in this case, appellant was originally sentenced to six months of probation for the offense of aggravated riot, a felony of the fourth degree. Like Herring, appellant could have been sentenced to a minimum term of six months commitment to the custody of DYS. When the trial court later adjudicated appellant for his subsequent probation violation, it committed him to DYS for a minimum of six months and a maximum until age 21. Appellant argues that because his original sentence did not include a suspended commitment to DYS, his subsequent commitment to DYS for the probation violation was in error. This Court's decision inHerring clearly provides applicable law to show that appellant's argument is without merit.
{¶ 13} Appellant further states that he was not put on notice of a potential commitment to DYS when, at the first adjudicatory hearing, the court did not impose a suspended commitment to DYS. Consequently, he asserts that he did not know that incarceration was a possibility. However, upon reviewing the record, it is apparent that, during the December 13, 2000 adjudicatory hearing, the juvenile court informed appellant that that a probation violation could result in commitment to DYS.
{¶ 14} Appellant withdrew his former denial and pled guilty to one count of aggravated riot at the hearing. In response, the magistrate questioned appellant to ensure that he was making a knowing and voluntary guilty plea, waiving his right to trial. Within this questioning, the magistrate specifically asked appellant, "You understand also that this is a felony of the fourth degree and the maximum penalty for that is incarceration with the Department of Youth Services, which is the youth prison, for a minimum of six months. The longest time you could be there is until you are 21 years old. Do you understand that?" Appellant answered "yes" to the magistrate's explanation. Appellant knew that incarceration was a possibility.
{¶ 15} Therefore, appellant's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 16} "THE TRIAL COURT VIOLATED ANDRE RUMPH'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND JUV.R. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF RETALIATION ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE."
{¶ 17} In his third assignment of error, appellant asserts that the trial court violated his due process right when it adjudicated him delinquent of retaliation. Appellant specifically argues that the State did not prove, by sufficient, competent, and credible evidence, every element of the charge against him. This Court disagrees.
{¶ 18} A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.02(A)[1]; Juv.R. 29(E). This Court utilizes the same standard of review applicable to criminal convictions claimed to be unsupported by sufficient evidence when determining whether sufficient evidence supports a trial court's delinquency adjudication. See In reJordan (Sept. 12, 2001), 9th Dist. No. 01CA007804.
{¶ 19} When reviewing the sufficiency of the evidence, an appellate court's inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386; State v. Jenks (1991),61 Ohio St.3d 259, 273. "The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." (Citations omitted.) Jordan, supra. "Furthermore, a reviewing court is not to assess `whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.'" Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
{¶ 20} The trial court, after hearing all the evidence and testimony, found appellant delinquent by reason of retaliation and by reason of aggravated menacing. After careful review of the entire record, this Court finds that the State presented sufficient evidence to support the trial court's adjudication of appellant as a delinquent child based on the underlying offenses of retaliation and aggravated menacing, as well as appellant's probation violation as a result of these offenses.
{¶ 21} Therefore, appellant's third assignment of error is overruled.
 III.
{¶ 22} Accordingly, appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] R.C. 2151.02(A) was repealed, effective January 1, 2002. R.C.2152.02(F)(1) provides the definition of "delinquent child" relevant to this case.